Antonio I. **BRYANT,** Plaintiff–
Appellant,

v.

**GENERAL PACKAGING PRODUCTS, INC.,** Defendant–Appellee.

No. 12–1367.

United States Court of Appeals,
Seventh Circuit.

Submitted Nov. 19, 2012.*

Decided Nov. 20, 2012.

As Amended on Denial of Rehearing and Rehearing En Banc Dec. 21, 2012.**

Antonio I. Bryant, Chicago, IL, pro se.

Timothy J. Riordan, Attorney, Howard & Howard, Angie Cowan Hamada, Attorney, N. Elizabeth Reynolds, Attorney, Allison, Slutsky & Kennedy Chicago, IL, for Defendant–Appellee.

Before WILLIAM J. BAUER, Circuit Judge, JOHN DANIEL TINDER, Circuit Judge and DAVID F. HAMILTON, Circuit Judge.

## ORDER

Antonio Bryant is before us a second time. He last appealed in 2007 after the district court had denied his motion to

---

* After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R.APP. P. 34(a)(2)(C).

** Judge Joel M. Flaum did not participate in the consideration of the petition for rehearing.

vacate a settlement agreement reached with his employer, General Packaging Products. We dismissed that appeal because Bryant had not made an intelligible argument, *see* FED. R.APP. P. 28(a)(9); *Anderson v. Hardman*, 241 F.3d 544, 545–46 (7th Cir.2001), and granted General Packaging's motion for attorney fees as an appellate sanction, *Bryant v. Gen. Packaging Prods., Inc.*, 322 Fed.Appx. 451 (7th Cir.2008).

Three years after our decision, Bryant filed another motion asking the district court to vacate the settlement, this time arguing that the magistrate judge who presided over the settlement conference had made inappropriate comments that coerced him to accept the defendant's $20,000 offer. Bryant's appeal from the court's one-sentence denial of that motion, like his previous appeal, is frivolous. The district court would have been able to give effect to Bryant's postjudgment motion only under Federal Rule of Civil Procedure 60(b). *See Justice v. Town of Cicero, Ill.*, 682 F.3d 662, 665 (7th Cir.2012); *Talano v. Northwestern Med. Faculty Found., Inc.*, 273 F.3d 757, 762 (7th Cir.2001). But Bryant did not cite that rule or explain which subsection entitled him to relief; that failure alone permitted the court to deny the motion. *See Nelson v. Napolitano*, 657 F.3d 586, 590 (7th Cir.2011). Moreover, even if Bryant had articulated an argument under Rule 60(b), a postjudgment motion under even the "catchall" provision of that rule cannot be granted unless it is filed within a reasonable time after the judgment. FED.R.CIV.P. 60(c)(1); *Arrieta v. Battaglia*, 461 F.3d 861, 865 (7th Cir.2006); *Ingram v. Merrill Lynch, Pierce, Fenner, & Smith, Inc.*, 371 F.3d 950, 952 (7th Cir.2004). Bryant has not even attempted to explain how his motion was filed in a reasonable time when it came more than four years after the judgment and his previous motion attacking the settlement on a different ground.

AFFIRMED.